**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

SHAVONNE DIX,

        Plaintiff,

v.                                                Case No.: 6:21-cv-2143-WWB-RMN

THE COCA-COLA COMPANY,

        Defendant.
_____/

## ORDER

THIS CAUSE is before the Court on Defendant's Motion for Summary Judgment (Doc 26), Plaintiff's Response (Doc. 37),[1] and Defendant's Reply (Doc. 38). For the reasons set forth below, the Motion will be denied.

## I.  BACKGROUND

On January 8, 2020, Plaintiff Shavonne Dix independently contracted with nonparty Roadrunner Transportation to deliver a load of hazardous material ("**hazmat**") to an industrial facility in Apopka, Florida, where Defendant, the Coca-Cola Company ("**Coca-Cola**"), leased loading bays and warehouse space. (Doc. 27-1 at 25:11–13, 33:20–24, 34:6–7, 36:10–12). Plaintiff had previously delivered loads to the Apopka facility on several occasions and had a hazmat endorsement on her commercial driver's license. (*Id.* at 36:13–25, 39:7–10). As is standard for hazmat loads, the shipping company had placed removable hazmat placards on the shipping container on Plaintiff's

---

[1] The Plaintiff's Response fails to comply with this Court's January 13, 2021, Standing Order. In the interests of justice, the Court will consider the Response, but the parties are cautioned that future failures to comply with all applicable rules and orders of this Court may result in the striking or denial of filings without notice or leave to refile.

truck. (*Id.* at 46:16–23, 47:8–24). Upon arrival, Plaintiff was directed to a loading bay and backed into the bay for unloading. (*Id.* at 62:24–63:1, 64:15–23). Plaintiff's trailer automatically hooked onto the loading dock to prevent it from moving. (*Id.* at 67:24–69:12). Plaintiff opened the container and "chocked" the truck tires to prevent the truck from moving forward. (*Id.* at 65:5–22). Although the facility requires chocking tires before unloading, Plaintiff was trained how to chock her tires by Roadrunner and was responsible for placing the chocks properly. (*Id.* at 66:16–67:23).

After Plaintiff chocked the truck, she stepped down to the ground and exchanged paperwork with a Coca-Cola employee. (*Id.* at 88:11–89:7). From her position on the ground, Plaintiff saw a forklift move in and out of her truck container four or five times. (*Id.* at 88:3–89:9). As the truck container was being unloaded, Plaintiff was instructed by a Coca-Cola employee to remove the hazmat placards. (*Id.* at 87:2–9). Using a facility ladder to climb the trailer, Plaintiff began to remove the placards by hand. (*Id.* at 71:13–15, 74:25–75:2). This is the typical method for removing placards and Plaintiff had previously removed hazmat placards in this manner at the Apopka facility on multiple occasions. (*Id.* at 48:21–49:4, 79:10–25).

As Plaintiff climbed the ladder, she could not see inside the facility and, thus, did not see anyone operating the forklift. (*Id.* at 87:2–9). Nor did she hear beeping or a forklift horn. (*Id*. at 95:10–16). Nonetheless, Plaintiff could "feel" the forklift enter the container and hit the container in some way—whether by hitting a palette or the container itself is unclear—causing the container to shift and Plaintiff to fall to the ground, suffering injury. (*Id*. at 95:18–96:9, 98:3–8, 100:20–24, 103:12–104:2).

II.     **LEGAL STANDARD**

Summary judgment is appropriate when the moving party demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it may "affect the outcome of the suit under the governing law." *Id.* "The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Allen v. Bd. of Pub. Educ.*, 495 F.3d 1306, 1313–14 (11th Cir. 2007). Stated differently, the moving party discharges its burden by showing "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

However, once the moving party has discharged its burden, "Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quotation omitted). The nonmoving party may not rely solely on "conclusory allegations without specific supporting facts." *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985). Nevertheless, "[i]f there is a conflict between the parties' allegations or evidence, the [nonmoving] party's evidence is presumed to be true and all reasonable inferences must be drawn in the [nonmoving] party's favor." *Allen*, 495 F.3d at 1314.

"Summary judgment will not usually be as feasible in negligence cases, where the standard of the reasonable man must be applied to conflicting testimony, as it is in other

kinds of litigation." *Peuser v. Wal-Mart Stores E., LP*, No. 6:19-cv-2098, 2021 WL 1752063, at *2 (M.D. Fla. May 4, 2021) (quoting *Croley v. Matson Navigation Co.*, 434 F.2d 73, 75 (5th Cir. 1970)).

## III. DISCUSSION

Plaintiff alleges a single count of negligence against Defendant arising out of the incident. (Doc. 1-1, ¶¶ 8–11). In Florida, "[t]o state a cause of action for negligence, a complaint must allege: (1) a duty to the plaintiff; (2) the defendant's breach of that duty; (3) injury to the plaintiff arising from the defendant's breach; and (4) damage caused by the injury to the plaintiff as a result of the defendant's breach of duty." *Graulau Maldonado v. Orange Cnty. Pub. Libr. Sys.*, 273 So. 3d 278, 279–80 (Fla. 5th DCA 2019) (quotation omitted). Defendant argues that it is entitled to summary judgment because there is no evidence of duty, breach, or causation from which a reasonable jury could find in Plaintiff's favor.

### A. Duty

Defendant first argues that summary judgement is proper because Plaintiff has failed to establish that Defendant created a foreseeable zone of risk such that Defendant owed a duty to Plaintiff. In response, Plaintiff argues the initial use of the forklift by the Coca-Cola employee permits the inference that the employee continued to use the forklift while Plaintiff climbed the ladder, which is sufficient to show that Defendant created a foreseeable zone of risk.

"Florida law recognizes the following four sources of duty: (1) statutes or regulations; (2) common law interpretations of those statutes or regulations; (3) other sources in the common law; and (4) the general facts of the case." *Limones v. Sch. Dist.*

*of Lee Cnty.*, 161 So. 3d 384, 389 (Fla. 2015) (citing *McCain v. Fla. Power Corp.*, 593 So. 2d 500, 503 n.2 (Fla. 1992)). Although duty is a legal question, where a duty arises under the fourth prong, the court must still make a limited factual inquiry as to "whether the defendant's conduct foreseeably created a broader 'zone of risk' that poses a general threat of harm to others." *McCain*, 593 So. 2d at 502 & n.1. "[T]rial and appellate courts cannot find a lack of duty if a foreseeable zone of risk more likely than not was created by the defendant." *Id.* at 503. Further, "the zone of risk created by a defendant defines the scope of the defendant's legal duty and the scope of the zone of risk is in turn determined by the foreseeability of a risk of harm to others." *Smith v. Fla. Power & Light Co.*, 857 So. 2d 224, 229 (Fla. 2d DCA 2003).

Here, Plaintiff has pointed to sufficient facts to avoid summary judgment on the duty issue. Instructing Plaintiff to use a ladder to remove the hazmat placards, standing alone, may not have created a foreseeable risk of falling. However, Defendant's employee knowingly did so while other Coca-Cola employees continued to unload the container using a forklift, thus creating a reasonably foreseeable risk that the container could shift or move and render Plaintiff's position on the ladder unstable. *McCain*, 593 So. 2d at 502–03 ("This requirement of reasonable, general foresight is the core of the duty element."). Moreover, Defendant instructed Plaintiff to remove the placards with a ladder that could not be secured except by leaning against the truck trailer. (Doc. 27-1 at 80:9–15). On these facts, a reasonable jury could conclude that Defendant created a reasonably foreseeable zone of risk and thus had a duty to "either to lessen the risk or see that sufficient precautions are taken to protect others from the harm that the risk poses." *Smith*, 857 So. 2d at 229.

On the "minimal threshold" question of duty, it is more likely than not that Defendant created a reasonably foreseeable zone of risk, giving rise to a duty of care. *McCain*, 593 So. 2d at 502. Summary judgment is thus improper on this issue.

**B.    Breach**

Defendant next argues that assuming the existence of a duty, Plaintiff has failed to show evidence of breach. Breach is a factual question "where the standard of the reasonable man must be applied to conflicting testimony," and thus better resolved at trial. *Peuser*, 2021 WL 1752063, at *2. However, summary judgment can be appropriate where the plaintiff fails to show how the Defendant breached their duty. *See Miller v. Aldrich*, 685 So. 2d 988, 989–90 (Fla. 5th DCA 1997) (affirming summary judgment where "there is no suggestion as to how [the defendants] breached that duty and thus no suggestion as to how that unknown breach proximately caused [the plaintiff]'s injuries").

In support of its argument, Defendant cites facts that Plaintiff had been aware of the dangers of using a ladder and had felt the ladder move or shift before her fall but continued to use it, and that Plaintiff was responsible for her own safety. (Doc. 27-1 at 118:13–15, 145:1–3, 145:13–18). However, these facts relate to Plaintiff's comparative negligence or implied assumption of risk rather than whether Defendant's conduct breached a standard of care. Similarly, these facts do not relate to Plaintiff's theory of breach, which focuses on Defendant's employee's operation of a forklift while Plaintiff used a ladder on the outside of the truck.

Defendant also contends it undertook sufficient safety measures to make the truck unloading safe for Plaintiff and the other individuals present. Specifically, Defendant claims it secured Plaintiff's truck to the loading dock with a large metal hook and ensured

6

the trailer tires were chocked. But these precautions do not rebut the fact that Defendant's employee operated a forklift to unload Plaintiff's truck container. Nor do they foreclose the inference that the forklift operator continued to do so as Plaintiff climbed the ladder. Plaintiff argues Defendant's operation of the forklift to unload while instructing her to climb the ladder, without more, is sufficient to permit a finding of breach. Unlike the plaintiff in *Miller*, here Plaintiff has explained her theory of Defendant's breach of the standard of care. And "review[ing] the evidence in the light most favorable to the nonmoving party and draw[ing] all reasonable inferences in its favor," a reasonable jury could equally adopt Plaintiff's theory. *Morris v. Wal-Mart Stores E., LP*, No. 1:19cv103, 2019 WL 7347180, at *1 (N.D. Fla. Nov. 12, 2019).

    **C.**    **Causation & Inference Stacking**

Finally, Defendant argues Plaintiff impermissibly relies on unreasonable inference stacking and speculation to support her theory of causation. Plaintiff's theory begins with a fact in evidence: that she saw a Coca-Cola employee operating a forklift to unload her truck container while she exchanged paperwork with another Coca-Cola employee on the ground. From there, however, Defendant contends Plaintiff unreasonably infers that (1) the Coca-Cola employee continued to use the forklift to unload the container while Plaintiff was removing the hazmat placards and (2) the Coca-Col employee operated the forklift in such a manner as to cause the container to shift and Plaintiff to fall from the ladder.

Although inference stacking is impermissible under Florida's summary judgment standard, "the summary judgment standard is a procedural rule and thus federal law governs." *Id.* Federal law does not prohibit inference stacking but instead requires that each inference is reasonable. *Id.* "A reasonable inference is one that a 'reasonable and

7

fair-minded [person] in the exercise of impartial judgment might draw from the evidence.'" *Toruno v. Sam's E., Inc.*, No. 17-21918-Civ, 2018 WL 3934653, at *4 (S.D. Fla. July 25, 2018) (quoting *Daniels v. Twin Oaks Nursing Home*, 692 F.2d 1321, 1326 (11th Cir. 1982)). "An inference is not unreasonable simply because it is based in part on conjecture, for an inference by definition is at least partially conjectural." *Daniels*, 692 F.2d at 1326.

At the summary judgment stage, where there is a conflict between the parties' evidence, "the non-moving party's evidence is presumed to be true and all reasonable inferences must be drawn in the non-moving party's favor." *Allen*, 495 F.3d at 1314. The Court accordingly must presume that, consistent with Plaintiff's deposition testimony, Defendant did in fact use a forklift to unload Plaintiff's truck upon delivery and that unloading was still in progress when Defendant's employee instructed Plaintiff to climb a ladder and remove the truck hazmat placards. Defendant insists that Plaintiff merely "assume[s]" the forklift continued to unload the container while Plaintiff was on the ladder. (Doc. 26 at 10). But it is reasonable to infer that Defendant would use the same machinery and method throughout the unloading process.

The second inference, relating to causation, is also reasonable when considered in Plaintiff's favor. As discussed above, Plaintiff can reasonably argue that Defendant operated a forklift to unload the truck container while she was perched on a ladder on the outside of the container. From that inference, Plaintiff then argues that the forklift caused some motion that resulted in her fall. Defendant's only response is Plaintiff's theory fails to consider any other factors that could have caused the fall, including user error of the ladder, Plaintiff's own improper training, wind, or Plaintiff's improper chocking of the tires.

8

Defendant is correct, but in evaluating the reasonableness of an inference, Plaintiff need not establish her inference "to the exclusion of all other reasonable inferences." *Toruno*, 2018 WL 3934653, at *5. It is alone sufficient that Plaintiff's inference is reasonable for it to survive summary judgment because "it is the jury that chooses among allowable inferences." *Daniels*, 692 F.2d at 1326.

At bottom, Plaintiff's inferences as to causation draw reasonably from the record facts. Because this Court resolves reasonable inferences in favor of the non-moving party, summary judgment is inappropriate.

## IV. CONCLUSION

For the reasons set forth herein, it is **ORDERED** and **ADJUDGED** that the Defendant's Motion for Summary Judgment (Doc. 26) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on September 15, 2023.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

9